**No. 42512.**—Protest 967553–G of A. W. Fenton Co. (New York).

Opinion by CLINE, J. It appeared that the shipment consisted of 11 bales of canvas and two bales of jacketing. From the record it was found that one bale of canvas and one bale of jacketing were not legally marked and that additional duty should have been assessed on these two bales only.

**No. 42513.**—Petition 5509–R of Strauss-Eckardt Co., Inc. (New Orleans).

Opinion by CLINE, J. It appeared that the plates which were advanced by the appraiser were not listed in the price list of the exporters' association and therefore could be purchased at the prevailing market value in Japan. Abstract 36918, *Golding* v. *United States* (T. D. 49078) and *Snow* v. *United States* (C. D. 13) cited as cases where there was an honest difference of opinion between the petitioner and the appraiser as to the correct market value of the merchandise. It was found there was no intention to defraud the revenue or to conceal or misrepresent the facts. The petition was therefore granted.

**No. 42514.**—Protest 961765–G of A. J. Fritz & Co. (San Francisco).

Opinion by EVANS, J. It appeared there was a manifest clerical error in the summary sheet which was carried over to the entry. The protest was accordingly sustained.

**No. 42515.**—Protest 952123–G of Funch, Edye & Co., Inc. (New York).

Opinion by EVANS, J. The protest was dismissed as it involved no question of classification.

**No. 42516.**—Protest 922608–G of Q. W. Lung & Co. (Boston).

Opinion by EVANS, J. From the testimony it appeared that the merchandise is fish in lard with beans; the fish and beans are whole, and that the commodity was not in the form of pastes, balls, puddings, hash, or similar forms. From the record it was found dutiable as a nonenumerated manufactured article at 20 percent under paragraph 1558 as claimed.

**No. 42517.**—Petition 5778–R of Charles A. Murphy (Ogdensburg).

Opinion by EVANS, J. It appeared that the mares cost $150 each and that $25 was added by the customs officials for expenses in connection with their board. They were entered at $300. It was found that entry was made in good faith and that there was no intention to defraud the revenue. The petition was therefore granted.